KERRICK, Respondent, vs. RUGGLES and another, Appellants.

*November 25 — December 16, 1890.*

LIENS. *(1) Materials to be paid for in other property. (2) Land contract: Surrender to vendor. (3) Error in description: Correction. (4) Filing of petition: Time limited.*

1. The lien of a material-man may be enforced although the materials were to have been paid for by the transfer of other property to him.

2. Under a contract for the purchase of land the vendee went into possession and afterwards purchased from the plaintiff machinery which was used in the construction of a mill on the premises and became a part of the freehold with the knowledge and consent of the vendor of the land. Subsequently, by agreement between the parties to the land contract, said contract was surrendered to the vendor therein named. *Held,* that said vendor took back the vendee's interest in the land, subject to the plaintiff's lien for the machinery.

3. An error in the description of the premises in the petition for a lien might be corrected in the action to enforce the lien.

4. Where the account for a portion of the materials furnished was dated March 9, but such portion was not shipped until March 10, when the other materials were purchased for the same building, the filing of a petition for a lien on September 10 was within the six months limited by sec. 3318, R. S.

APPEAL from the Circuit Court for *Bayfield* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that October 11, 1886, the defendant *Ruggles,* by an agreement in writing, purchased from the defendant *Neil-Pratt Lumber Company* a certain saw-mill and planing-mill, with the store building, sheds, and houses used in operating the same, and eighty acres of land therein described, for the sum therein designated; that thereupon the said *Ruggles* went into the immediate possession of said premises; that March 10, 1887, the plaintiff was a dealer in machinery, and sold to said *Ruggles* the

machinery described in the complaint, for which the said *Ruggles* agreed to pay to the plaintiff $1,820; that the same has not been paid; that said machinery was used by the said *Ruggles* in the construction of a mill upon the forty acres of land described, and that the plaintiff duly filed his petition for a lien therefor, September 10, 1887; that said machinery became a part of the freehold of said premises, with the knowledge and consent of the said *Neil-Pratt Lumber Company;* that July 7, 1887, the said *Ruggles* and the said *Neil-Pratt Lumber Company* entered into a compromise and settlement between themselves whereby said agreement between them for the purchase of said mill property was given up and canceled, and the immediate possession of said mill property was surrendered and given up to the said *Neil-Pratt Lumber Company.*

The plaintiff, within the time prescribed by law,— to wit, September 10, 1887,— commenced an action in the circuit court for Bayfield county, for the foreclosure and enforcement of a lien for said machinery. The defendants answered, and at the close of the trial the court directed a verdict to the effect that the plaintiff recover $1,820 for the personal property sold *Ruggles,* March 10, 1887, and that the same was a lien upon the property described; and the court also found, in addition to the facts stated, that there was no evidence to sustain any of the material allegations contained in the separate answers of the defendants, except as to the admissions therein contained, and that said allegations were wholly unsupported by the proofs, and were untrue, and that all the material allegations of the complaint were true. As conclusions of law, the court found that there was a mistake in the description of the premises as set forth in the complaint, and giving the true description thereof; that the interest of said *Ruggles,* as owner in possession of said premises under said land contract, at the time of furnishing said machinery and of its repair, erection, and construction so as to become part of the freehold,

be sold to satisfy the amount of the plaintiff's said lien; that the plaintiff was entitled to such lien upon said premises and the machinery used in the repair, construction, or erection of said mill or mills, in the sum of $1,820, and interest from March 10, 1887, and the costs of the action. From the judgment entered thereon, the defendants appeal.

For the appellants there was a brief by *Tomkins, Merrill & Smith,* and oral argument by *W. M. Tomkins.* They contended, *inter alia,* that the transaction between the plaintiff and *Ruggles* was merely an exchange of machinery for an interest in the mining option, and that the plaintiff became immediately a part owner of the option and entitled to certificates of the stock as soon as issued. The evidence to show this was competent. And, there being no sale but merely a barter, the plaintiff has mistaken his remedy.

For the respondent there was a brief by *Gerrit T. Thorn,* attorney, and *Frank M. Guernsey,* of counsel, and oral argument by *Mr. Thorn.*

CASSODAY, J. The machinery in question was purchased of the plaintiff by *Ruggles,* March 10, 1887, to be used in the repair and construction of a mill upon the premises described. *Ruggles* was then in the possession of such premises under his contract of purchase from the *Neil-Pratt Lumber Company,* and his interest therein was sufficient to subject said premises to a lien in favor of the plaintiff by reason of the purchase of such machinery, if he was otherwise entitled. It is true that *Ruggles* agreed to pay for the machinery by transferring to the plaintiff certain shares in a mining option, but wholly failed to make any such transfer or any payment thereon whatever. But the plaintiff was not precluded from enforcing his lien by the mere fact that *Ruggles* had so agreed. It is undisputed that the plaintiff furnished the materials — the machinery in question,— and that the same, or at least a portion thereof, were

so used in the repair and construction of the mill as to become a part of the freehold upon which the same was constructed. These things being so, the statute gave to the plaintiff a lien upon the interest of *Ruggles* in and to the mill and the land upon which the same was situated, not exceeding forty acres, which lien was by statute prior to any other lien which originated subsequently to the commencement of such repairs or construction. Sec. 3314, R. S.; *Kendall Mfg. Co. v. Rundle, ante,* p. 150. The plaintiff is certainly not to be barred of this statutory right by the mere fact that he would not have been entitled to it had *Ruggles* paid for the machinery as he had agreed. The court properly rejected the testimony of *Ruggles* as to whether the plaintiff was a partner in the real estate option.

By the compromise of July 7, 1887, the *Neil-Pratt Lumber Company* took back the interest of *Ruggles* in the premises subject to the plaintiff's lien. *Kendall Mfg. Co. v. Rundle, supra.* It is admitted that at the time of that compromise the company knew of the improvements that had been made by *Ruggles,* and of course accepted them subject to such lien. The correction of the description of the premises in the petition for the lien, by the action and judgment, seems to have been competent. *Sherry v. Schraage,* 48 Wis. 93; *Huse v. Washburn,* 59 Wis. 414; *Stacy v. Bryant,* 73 Wis. 19.

The account for a portion of the machinery is dated March 9, 1887, but it sufficiently appears from the evidence that the same was not shipped until the next day, and both purchases were professedly made for the same mill, and hence the trial court was justified in finding that the petition was filed within the time prescribed by sec. 3318, R. S. The findings of the court are all supported by the evidence. There is no error in the record.

*By the Court.—* The judgment of the circuit court is affirmed.