BADGER LUMBER COMPANY v. D. R. MALONE, CHARITY
O. MALONE, *his Wife*, THE CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY, *et al.*

**No. 413.**

MECHANIC'S LIEN—*Leasehold Estate*.  A mechanic's lien affects
whatever estate or interest in the land, upon which the building
is erected, is owned and possessed by the person ·who causes the
erection of the building at the time when the contract is made
for the material.  If the person contracting has any estate or in-
terest in the land, the lien of the material-man extends to the
whole of that estate.  The word "owner" is not limited in its
meaning to an "owner in fee," but includes also an owner of a
leasehold or other estate.

Error from Morris district court ; JAMES HUMPHREY,
judge.   Opinion filed October 12, 1898.   Reversed.

*John Maloy*, for plaintiff in error.

*E. S. Bertram*, and *M. B. Nicholson*, for defendant in
error The White City State Bank.

The opinion of the court was delivered by

McELROY, J. :  This action was brought by plaintiff
in error Badger Lumber Company against D. R. Ma-
lone and others for a foreclosure of a material-man's
lien for lumber and materials furnished Malone with
which to erect a warehouse for the storage of hay.
The case was tried by the court, without a jury, on
an agreed statement of facts, and judgment was ren-
dered for defendants.   The plaintiff filed its motion
for a new trial, which was overruled, and presents the
case to this court for review, alleging that the court
erred in its conclusions of law.

The only question presented by the record in this
case is, Was the building in controversy real or per-
sonal property ?   If the warehouse was personal prop-

erty, the court rendered the proper judgment; if it was real property, the court should have rendered judgment for the plaintiff. The fee title to the lands on which the building was erected was in the Chicago, Rock Island & Pacific Railway Company. The only estate Malone possessed in the realty was such estate as he acquired by a written agreement which he held, as follows :

"THIS MEMORANDUM WITNESSETH: That the Chicago, Rock Island & Pacific Railway Company, a corporation engaged in the operation of a railway, hereby grants to D. R. Malone a license or permit to erect and maintain, for a term expiring on the 1st day of May, 1895, a hay barn, to be located at the south end of house track at Latimer, Kan., but this license is granted upon the express conditions : First, that said premises and the structures thereon to be erected under this license shall not at any time be so used as in any manner to interfere with the use or enjoyment of the railway of the licensor. Second, that the said licensor shall not be in any manner or form liable to said licensee, his executor, administrator, heirs, or assigns, for any damage which may be caused by any fire which may be in any manner started on said premises by the use of the licensor's railway, engines, cars, or other machinery, or communicated to said premises and the structures erected thereon under this license, or to the property contained therein, from other buildings situated on said right of way, or adjacent thereto. Third, the said premises shall not be used by the licensee, his executor, administrator, heirs, or assigns, for any unlawful purpose. Fourth, this license shall not be assignable or transferable by the licensee to any other person or persons, except upon the written consent of the licensor indorsed thereon. Fifth, this license may be annulled and revoked, upon or at any time before or after the expiration of the period above named, by the licensor, upon thirty days' written notice of such revocation, for any reason that said licensor may assert, and, upon such termination of this license, all build-

ings and structures placed upon said premises under such license shall be wholly removed by the licensee, his executor, administrator, heirs, or assigns, as the case may be, within the said period of thirty days. Sixth, that the said licensee shall commence the erection of the buildings to be erected under this license within thirty days from the date hereof, and complete the same within thirty days from this date.  Seventh, that said building shall be used continually for storing and baling hay in the regular course of trade, and an omission to so use, if for a period of ninety days, without the consent in writing of the licensor, shall operate to forfeit this license, to the same purpose and with the same effect as if annulled in the manner provided in the fifth condition above set out.

[Signed]

THE CHICAGO, ROCK ISLAND & PACIFIC RLY. CO. Accepted by D. R. MALONE.''

The defendants in error contend that the agreement was a ''mere license'' and not a lease, and that a license does not create such an estate as can be subjected to foreclosure and sale under the mechanics'-lien act.  Is the agreement a license or a lease?  A license is defined to be '' an authority given to do some one act, or a series of acts, on the land of another, without possessing any estate in the land.''  A lease is defined to be '' a species of contract for the possession and profits of lands and tenements, either for life or for a certain term of years, or during the pleasure of the parties ''; ''a contract by which one person divests himself of, and another takes possession of, lands or chattels, for a term, whether long or short '' ; ''a conveyance of any lands or tenements made for life, for years, or at will, but always for a less time than the lessor has in the premises.''

We are inclined to the opinion that Malone, by the contract, held as lessee, and that he possessed an estate in the premises sufficient to support a lien for

material furnished in the erection of the warehouse. He was, by the agreement, given possession of the lands on which the building was erected for a definite, fixed period of time. On this question our supreme court has said, in *Seitz v. U. P. Railway Co.*, 16 Kan. 133 :

"Then, taking the whole of the law together, and it undoubtedly means that a mechanic's lien shall operate upon the whole of the estate which the person procuring the labor and materials may have in and to the property for which he procures the same, whatever may be the character of that estate, but that such lien cannot operate upon anything more than such estate, and that, so far as it does operate, it is the paramount lien upon the enhanced value given to such estate by the labor and materials. That is, it is the paramount lien upon the surplus value of the estate over and above what would have been the value of such estate without such labor and materials. In the present case Mrs. Bickerdyke had a contingent equitable estate in the property in question. The plaintiff had all the rest of the estate. Upon this contingent equitable estate of Mrs. Bickerdyke the defendants' liens operated, and upon that they were the paramount lien to the extent above mentioned, but they operated upon nothing more."

In *Hathaway v. Davis & Rankin*, 32 Kan. 693, 5 Pac. 29, the court said :

"We think a mechanic's lien or lien for material or labor may attach in any proper case to a leasehold estate ; and the fact that the tenant may have a right to remove his buildings, fixtures and machinery from the leased premises, instead of lessening the lien or preventing it from attaching to the leasehold estate, will, as we think, enlarge the lien and enable the lien-holder to obtain a greater interest in the leased premises. The privilege of moving the buildings, fixtures and machinery from the leased premises will not operate to the detriment of the lien-holder, but will

Lumber Co. v. Malone.

inure to his benefit. . . . Whether any such lien can attach to buildings, fixtures, and machinery, independent of a leasehold or other interest in real estate, it is not necessary in this case to determine, for no such question is involved in the case.''

We conclude the law to be that a mechanic's lien affects whatever estate or interest in the land upon which the building is erected is owned and possessed by the person who causes the erection of the building at the time when the contract is made for the material. And if the person contracting to have the building erected has any estate or interest in the land upon which it stands, the lien of the material-man who furnishes the material extends to the whole of that estate or interest, whatever it may be. The word ''owner'' is not limited in its meaning to an ''owner in fee,'' but includes also an owner of a leasehold or other estate. It therefore follows that the estate possessed by the builder, whatever its extent may be in the land, is subject to a mechanic's lien and may be sold. On the agreed statement of facts and the findings of the court, the plaintiff Badger Lumber Company is entitled to judgment establishing its lien for the amount claimed and for the foreclosure and sale of the premises.

The judgment will be reversed, and the case remanded with direction that the trial court render judgment in accordance with the opinion herein expressed.