**THOMAS v. SOPER LUMBER CO. et al.**

No. 8458—Opinion Filed March 12, 1918.

(171 Pac. 736.)

1. **Mechanics' Liens — Materialmen's Liens —Interest of Purchaser.**

A materialman who furnishes material to be used in the construction of improvements on premises to a party who is in the peaceable and lawful possession of said premises under and by virtue of an executory contract to purchase the same from the legal owner thereof has a lien upon the equitable interest of the vendee in said contract together with the building in the construction of which the material was used.

2. **Same—Interest of Vendor.**

The mere fact that the vendor in a contract for the sale of real property repurchases the interests of the vendee in such contract subsequent to the making of the improvements and furnishing of the material for which the lien is claimed does not enlarge the lien, so as to extend it to the legal interest of said vendor.

(Syllabus by Pryor, C.)

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by the Soper Lumber Company against J. J. Thomas and F. R. Peavey. Judgment of foreclosure, and defendant Thomas brings error. Modified and affirmed.

J. J. Thomas and McDonald & Jones, for plaintiff in error.

E. H. Sherman and R. L. Evans, for defendants in error.

Opinion by PRYOR, C. This action was commenced on the 15th day of January, 1914, in the district court of Choctaw county by the Soper Lumber Company, a corporation, defendant in error, against J. J. Thomas, plaintiff in error, and F. R. Peavey, to foreclose a materialman's lien. The parties will be referred to as they appeared in the trial court.

The cause was submitted to the trial court upon an agreed statement of facts, and the facts in this case, as determined by the trial court in so far as material to the determination of the contentions raised on appeal, are that the defendant J. J. Thomas, on and before the 20th day of December, 1912, was the owner of the northeast quarer (N. E. ¼) of section twenty-four (24), in township six (Twp. 6) south, of range fifteen (15) east, in Choctaw county; that on the 20th day of December, 1912, the defendant F. R. Peavey was in the lawful and peaceful possession of said premises, and on that date the said Peavey entered into a contract with the plaintiff, the Soper Lumber Company, for lumber and material with which to construct a dwelling upon said premises; that the said plaintiff delivered said material between the 27th day of December, 1912, and the 1st day of March, 1913, and said material was used by the said Peavey in the construction of the dwelling upon said premises; that the defendant Peavey was in possession of said premises

under an executory contract with the defendant Thomas for the purchase of said premises, and at the time of entering into the said contract the said Peavey paid the said Thomas the sum of $500 as a part of the purchase price, and said Thomas agreed to execute and deliver to the said Peavey a sufficient warranty deed for said premises when all the balance of the purchase price was paid. Said contract was filed for record on the 15th day of January, 1915.

The court found that at the time the plaintiff entered into a contract with the said Peavey to furnish the material for the construction of said building on said premises, that the agent of J. J. Thomas informed the lumber company that there was a contract of sale of said premises between the defendant Peavey and defendant J. J. Thomas, but that the said lumber company had no notice or knowledge of the terms and conditions of said contract: that there was due the plaintiff $422.60, bearing interest from the first day of March, 1913.

On the —— day of October, 1913, the defendant Peavey, in consideration of the sum of $50, relinquished and quitclaimed all of his right, title, and interest in the said premises, together with the improvements thereon, to the said defendant Thomas. The trial court held that by the reconveyance of the equitable interest of the said Peavey to the said J. J. Thomas, that the equitable interest and legal title merged, and that the plaintiff had subsequent to such merger a lien upon the entire equitable and legal estate, and gave judgment ordering said lien be foreclosed and said premises sold in satisfaction of such indebtedness. From this judgment the defendant Thomas appeals.

The question presented by the defendant may be stated generally that the judgment of the trial court is contrary to the evidence and the law. The parties agreed that the facts set out in the pleadings, with some additional agreement as to what the facts were, might be considered by the court as the evidence upon which to base its findings. An examination of the pleadings and the agreed statement of facts clearly shows that the court reached a correct conclusion as to the facts in the case.

In the construction of statutes giving liens to persons who furnish material to be used in the construction of buildings upon premises, all the courts are in harmony and hold that a person who furnishes material to be used in the construction of improvements upon premises to a party who is in the lawful and peaceful possession of said premises under an executory contract to purchase the same from the legal owner thereof is entitled to a lien upon the interest of the vendee of said premises for the amount due on the material so furnished and so used: Chicago Lbr. Co. v. Fretz, 51 Kan. 134, 32 Pac. 908; Badger Lbr. Co. v. Malone, 8 Kan. App. 121, 54 Pac. 692; King v. Smith, 42 Minn. 286, 44 N. W. 65; Kerrick v. Ruggles, 78 Wis. 274, 47 N. W. 437; Forbes v. Mosquito Yacht Co., 175 Mass. 432, 56 N. E. 615.

It cannot be controverted that the plaintiff has a lien upon the equitable interest of the defendant Peavey, including the buildings constructed out of the material furnished by the plaintiff. The difficult question then is to what effect the settlement, whereby Peavey reconveyed his interest to Thomas, between the defendant Thomas, the legal owner, and the defendant Peavey had upon the lien. It is very clear that the surrender or reconveyance of the interest from Peavey to Thomas could not operate to defeat the lien of the plaintiff upon the interests of the said Peavey. The trial court held that the said settlement merged the two interests, the legal interest of Thomas and the equitable interest of Peavey, and extended the lien of the plaintiff to the whole estate both equitable and legal.

At the time the plaintiff entered into the contract with Peavey to furnish the material it had knowledge that Thomas was the legal owner of the lands. According to the agreed statement of facts, the plaintiff furnished the material to Peavey, relying on Peavey's possession and verbal contract with Thomas to purchase. There was no authority given Peavey by Thomas to bind his interest, and no such authority can rise by operation of law. Peavey had authority only to bind his interest, and the plaintiff had no reason to expect the legal interest of Thomas to become liable for the indebtedness when he furnished material, on the failure of Peavey to complete his title by paying the full purchase price, and acquiring conveyance from Thomas. The mere surrender or relinquishment of Peavey of his rights under the executory contract to purchase to Thomas could not operate to enlarge his lien so as to extend it to the legal interest of Thomas. Neither would the repurchase of vendee's interest. "In actions to foreclose mechanics' liens for work done and for material furnished, under a contract with one who has an executory contract for the purchase of a city lot and is in possession thereof, the lien of the mechanic or materialman must be measured by the extent of the equity of the purchaser under the executory contract." Getto et al. v. Friend et al., 40 Kan. 24, 26 Pac. 473. The trial court erred

in decreeing the lien against the legal interest of Thomas.

There is another question raised by the defendant Thomas, that as the contract between him and Peavey provided that the said Peavey should not create any liens on said premises, the said Peavey could not incumber the said premises with the lien claimed by the plaintiff. The court found and it was stipulated by the parties that the plaintiff had no notice of this provision of the contract. A contract between the vendor and the vendee of which the person furnishing the material has no notice or knowledge is not binding upon the materialman, and cannot operate to defeat his lien claim. Cost v. Newport Builders' Supply Co., 85 Ark. 407, 108 S. W. 509, 14 Ann. Cas. 142, and extended note.

Therefore the judgment should be modified, giving the plaintiff a lien on the equitable interest of Peavey, which he had under his contract to purchase, at the time the material was furnished, including the building in the construction of which the material was used, and the judgment should be affirmed as modified.

By the Court: It is so ordered.