## LONG-BELL LUMBER CO. v. PROWANT.

No. 16113—Opinion Filed Nov. 24, 1925.

Withdrawn, Corrected, Refiled, and Rehearing Denied Jan. 26, 1926.

(Syllabus.)

1. Mechanics' Liens—Material Furnished to One in Possession Under Contract to Purchase — Lien on Equitable Interest of Vendee.

A materialman who furnishes material to be used in the construction of improvements on premises to a party who is in the peaceable and lawful possession of said premises under and by virtue of an executory contract to purchase the same from the legal owner thereof has a lien upon the equitable interest of the vendee in said contract together

with the building in the construction of which the material was used; however, the foreclosure of a materialman's lien upon the equitable interest of the vendee will not affect the interest of the vendor in said real estate specifically reserved in him by the terms of the contract of sale.

## 2. Judgment Sustained.

Record examined; held, to support the judgment in favor of the plaintiff.

Appeal from District Court, Payne County; Charles C. Smith, Judge.

Action by the Long-Bell Lumber Company, a corporation, against Chas. F. Noble Oil & Gas Company, a corporation, and Cosden Pipe Line Company, a corporation; Eva S. Prowant, interpleader. Judgment for interpleader, and plaintiff appeals. Affirmed.

Wilcox & Swank, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

PHELPS, J. Eva S. Prowant was the owner of certain town lots in the town of Quay in Payne county, Okla., on which there was an oil and gas mining lease. Mrs. Prowant executed a contract of sale, agreeing to convey said town lots to John W. Terry, the following clauses being inserted in the contract:

"This contract is subject to a certain oil and gas lease now on record. * * * When all the payments called for under this agreement shall have been duly and well made, the party of the first part agrees to execute and deliver to the party of the second part a good and sufficient warranty deed to the above lots, and they shall be free and clear of all incumbrances, except the first party reserves all oil and gas and mineral rights and said deed will except all oil and gas rights on said property."

The payments were made as provided in the contract, but it appears that the contract was never placed of record and the deed was never executed. Terry, the purchaser of the lots, made certain improvements on the property, purchasing the material therefor from the Long-Bell Lumber Company. Not being able to collect the purchase price of such building materials from Terry, the Lumber Company filed its materialman's lien, afterwards filing its suit in the district court of Payne county against both Terry and Mrs. Prowant to foreclose the same.

In its petition to foreclose the materialman's lien the Lumber Company alleged that John W. Terry was the owner of the lots in question and that Eva S. Prowant claimed to have some right, title, or interest in the land, the exact nature of which was unknown to the plaintiff, but that whatever inerest she had it was junior, inferior, and subject to the claim of the Lumber Company. Summons was issued and served on both Terry and Mrs. Prowant, neither of whom, it appears, answered or made any defense, and judgment was rendered foreclosing the materialman's lien and ordering the property sold to satisfy the same, and upon sale of the property the Long-Bell Lumber Company became the purchaser and received a deed from the sheriff for the property.

In the meantime the property was drilled, and is producing oil and gas, and the present controversy between the Long-Bell Lumber Company and Eva S. Prowant grows out of the claim of each to the ownership of the royalties from such oil and gas production.

It is contended by the Lumber Company that, inasmuch as the suit to foreclose the materialman's lien was against John W. Terry and Mrs. Prowant, and judgment was rendered against each of them divesting them of their interest in the property, and as the Lumber Company became the purchaser of the property at the sheriff's sale, it is entitled not only to the fee in the real estate, but to the royalties from the oil produced on the property, and that Mrs. Prowant is estopped because of said judgment to now assert claim to the oil royalties. It is contended by Mrs. Prowant that, since her contract for conveyance of the real estate to Terry specifically reserved in her the ownership of the oil and gas interests, the Lumber Company would be entitled to foreclose only such interest or equity in the real estate as was held by Terry; the purchase of the building materials forming the basis of the materialman's lien, notwithstanding the fact that she was made a party to the action and judgment was rendered against her by default, that this judgment does not divest her of her interest in the oil and gas mineral rights in the real estate.

The cause was tried before the district court of Payne county without the intervention of a jury, resulting in a judgment in favor of Mrs. Prowant sustaining her claim to the oil and gas mineral rights in the property, to reverse which judgment the Long-Bell Lumber Company prosecutes its appeal to this court.

Since Terry was in the peaceful and law-

ful possession of the real estate in question by virtue of an executory contract to purchase the same from the legal owner, when the building materials were furnished at his request, by plaintiff, it seems to be well settled that plaintiff is entitled to a lien upon his interest in the real estate to satisfy its claim. In Thomas v. Soper Lbr. Co., 69 Okla. 197, 171 Pac. 736, in the body of the opinion it was said:

"In the construction of statutes giving liens to persons who furnished material to be used in the construction of buildings upon premises, all the courts are in harmony and hold that a person who furnishes material to be used in the construction of improvements upon premises to a party who is in the lawful and peaceful possession of said premises under an executory contract to purchase the same from the legal owner thereof is entitled to a lien upon the interest of the vendee of said premises for the amount due on the material so furnished and so used. Chicago Lbr. Co. v. Fretz, 51 Kan. 134, 32 Pac. 908; Badger Lbr. Co. v. Malone, 8 Kan. App. 121, 54 Pac. 692; King v. Smith, 42 Minn. 286, 44 N. W. 65; Kerrick v. Ruggles, 78 Wis. 274, 47 N. W. 437; Forbes v. Mosquito Yacht Co., 175 Mass. 432, 56 N. E. 615."

However, it is contended by plaintiff, and we take it that this is the real controversy in the case, that, notwithstanding Mrs. Prowant's interest in the real estate in question, when suit was brought against her, and she failed to defend and judgment was rendered by default, that all rights she had in the real estate in question were foreclosed. It is contended by her, however, that the plaintiff had full knowledge of her interest in the real estate and that said judgment did not divest her of her interest therein, as plaintiff in that action asserted no claim against her or her interest in the real estate. The record discloses that when the plaintiff filed its lien statement such statement contained a recitation that "said John W. Terry was then and there and is the owner by virtue of a contract for deed with the record owner, Eva S. Prowant," of the real estate in question. When the suit was filed to foreclose the lien, the lien statement was attached to and made a part of the petition; an allegation was also made in the petition that Terry was owner of the real estate by virtue of a contract for deed with the record owner, Eva S. Prowant, showing clearly and conclusively that the Lumber Company was thoroughly familiar with the contract between Terry and Mrs. Prowant; and if it can be said that it had knowledge of the contract, then it must be assumed that it was also familiar with the provision of the contract reserving the oil and gas interests in Mrs. Prowant, and since that contract upon its face plainly and specifically states that it is made subject to the oil and gas lease on record and that when the payments were made according to the terms of the contract, that a deed should be executed conveying the property, clear of all encumbrance, "except the first party reserves all oil and gas and mineral rights on said property."

If it be conceded that, as a general proposition, an allegation in a petition to foreclose a lien to the effect that one of the defendants "claimed some right, title or interest in the land, the exact nature of which is unknown to the plaintiff, but that whatever interest she has is junior, inferior, and subject to the claim of plaintiff," is a sufficient allegation to divest such defendant of any interest he may have in the real estate against which the lien is foreclosed in a judgment by default, it cannot be said that where the instrument pleaded and relied upon shows upon its face that the defendant's claim is not junior and inferior to the lien, but, upon the contrary, it does show upon its face that it is not subject to the lien of plaintiff, then a judgment by default attempting to divest such defendant of his interest in the real estate is a nullity. Such are the facts in the case at bar. While the allegation is made that Mrs. Prowant's interest in the real estate is junior, inferior, and subject to plaintiff's claim, the very instrument relied upon to show title in Terry shows upon its face that such allegations in the petition are untrue, and in the absence of any affirmative showing that evidence was introduced establishing such allegations, we must conclude that none could be so introduced, and the default judgment rendered therein attempting to divest Mrs. Prowant of her interest in the property was a nullity.

There being no errors disclosed by the record, the judgment of the district court is affirmed.

All the Justices concur.

Note.—See under (1) 27 Cyc. pp. 59, 60, 226, 228; 18 R. C. L. p. 885; 3 R. C. L. Supp. p. 869. (2) 4 C. J. p. 1129, §3122.