**OKLAHOMA HARDWARE COMPANY, a corporation, Plaintiff in Error,**

v.

**Harold S. TOWNSEND et al., Defendants in Error.**

**No. 43549.**

Supreme Court of Oklahoma.

Feb. 22, 1972.

Norman E. Reynolds of Reynolds & Ridings, Oklahoma City, for plaintiff in error.

Merson, Campbell & Merson, Oklahoma City, for defendants in error.

IRWIN, Justice:

This appeal involves the foreclosure of materialman's lien for materials furnished to an owner of a building lot (an executory vendor) who contracted with another (an executory vendee) to build a house on the lot according to certain plans and specifications and to convey the improved premises to the executory vendee free and clear of all encumbrances.

B & B Home Builders, Inc., (B & B) owned a building lot and entered into an executory contract with Harold S. Townsend and Verdell B. Townsend, defendants in error, to build a house on the lot according to certain plans and specifications and to convey the improved premises to the Townsends free and clear of all encumbrances. Pursuant to an agreement with B & B, plaintiff in error's assignor furnished materials for the construction of the building. The lien statement was filed but written notice of the lien was not served upon the Townsends.

Plaintiff in error commenced proceedings to foreclose its materialman's lien. No question is presented concerning plaintiff's right to maintain this action and we will assume that it furnished the materials. The trial court found that Townsends, the purchasers of the property, were the "owners" within our lien laws; that the materialman, plaintiff in error, failed to give written notice to the "owners" as required by 42 O.S.1961, § 143; and that the property was not subject to the materialman's lien. The materialman, plaintiff in error, appealed.

The rights of the other defendant in error, City National Bank & Trust Company, are not an issue.

The record is not too clear concerning when the executory contract was entered into between B & B, the owner of the lot, and Townsends, the executory purchasers. Townsends alleged in their answer and cross-petition that the contract was entered into on February 24, 1966, which was after B & B started construction of the house and after plaintiff first furnished materials for the construction. At the trial, Townsends introduced into evidence a contract to purchase which described property not involved in this proceeding. This contract is somewhat illegible, but appears to be dated December 27, 1965, which was prior to the time construction began and prior to the time plaintiff furnished any materials. The record contains no explanation why there is a discrepancy between the alleged date of the contract to purchase as set forth in Townsends' answer and cross-petition, which was February 24, 1966, and the December 27, 1965, date relied upon at the trial, or why the contract to purchase that was relied upon by Townsends described property not involved in this foreclosure action.

We find it unnecessary to discuss the force and effect of the above discrepancies. In disposing of this case, we will assume arguendo, that prior to the time plaintiff entered into the agreement with B & B to furnish materials or had furnished any materials, that B & B and Townsends had entered into their executory contract for the sale and purchase of the property and plaintiff had actual knowledge thereof.

In considering these assumed facts in connection with the other facts disclosed in the record, our determination of this cause will be based upon the following factual circumstances:

B & B, the owner of a tract of land, entered into an executory contract with Townsends on December 27, 1965, to construct a building on the premises in accordance with certain plans and specifications, and to convey the improved premises to Townsends free and clear of any taxes, liens or encumbrances, and the agreed purchase price for the premises and completed improvements was $22,500.00. Thereafter, B & B entered into an agreement with plaintiff for plaintiff to furnish materials for the construction of the building. Plaintiff had actual knowledge of the executory contract between B & B and Townsends prior to its agreement with B & B and prior to the time it furnished any materials. Plaintiff first furnished materials for the construction of the building on January 27, 1966. B & B conveyed the premises to Townsends by warranty deed and the deed was filed of record on June 13, 1966. On June 15, 1966, plaintiff furnished $11.97 worth of materials which were the last material furnished by plaintiff. On July 26, 1966, plaintiff timely filed its mechanics lien statement pursuant to 42 O.S.1961, § 142, but did not serve written notice of the filing of the lien upon Townsends.

By assuming the above factual circumstances, the primary issue presented is whether B & B, the executory vendor, or Townsends, the executory vendee, was the "owner" of the property, as that term is employed in our lien laws, at the time plaintiff furnished the materials for the construction of the improvements.

Plaintiff contends that since B & B, the executory vendor, had record title to the property and remained in possession of the property during the time the materials were furnished, that B & B was the "owner" under 42 O.S.1961, § 141; that it furnished materials by agreement with the "owner"; and it was not necessary to serve written notice of the filing of the lien upon Townsends.

Townsends contend that they were the "owner" of the property; that B & B was the original contractor under § 141, supra; that plaintiff furnished the materials as a subcontractor under 42 O.S.1961, § 143, and being a subcontractor it was necessary that plaintiff serve written notice upon them of the filing of the lien.

42 O.S.1961, § 141, provides that any person who shall, under oral or written contract with the owner of a tract of land, furnish materials for the construction of improvements thereon, shall have a lien upon the land and the improvements. Sec. 142, provides for the filing of the lien statement and neither section requires that written notice be given to the owner. In Claude Ricker Lumber and Paint Company v. Barger, 195 Okl. 504, 158 P.2d 1021, we held that one who acquires property which is subject to a materials lien created under 42 O.S.1961, § 141 and § 142, continues to hold such property subject to the lien claimant's right to foreclose the same, provided the lien is properly perfected and preserved.

42 O.S.1961, § 143, provides that any person who shall furnish materials as a subcontractor may obtain a lien upon the land and the improvements, or both, in the same manner and to the same extent as the original contractor. This proviso further sets forth the time in which the subcontractor must file his lien, and the serving of "notice in writing of the filing of such lien upon the owner of the land, or improvements, or both; * * *."

In Alfrey v. Richardson, 204 Okl. 473, 231 P.2d 363, this Court held that a contract for the sale of land, bona fide, made for a valuable consideration vests the equitable interest or title in the land in the vendee and such title is sufficient to predicate an action to quiet title.

In Kerfoot v. Salyer, 146 Okl. 194, 293 P. 1033, we held that a purchaser of realty under an executory contract who purchases material for the construction of a building

thereon is "owner" within lien statute, not "contractor" within subcontractor lien statute. One of the issues in Kerfoot was whether the executory vendor's mortgage was superior to a materialman's lien. An examination of that case discloses that the purchaser went into possession under the executory contract to purchase and constructed the improvements; that the contract provided that the purchaser would construct the improvements and would purchase the materials from Kiowa Lumber Company on credit. This executory contract also contained provisions for the payment of the materials purchased from Kiowa. Kiowa did furnish the materials. In the body of the opinion, this Court, in paraphrasing the rule announced in Oklmulgee Plumbing Co. v. Comstock, 125 Okl. 245, 257 P. 320, said that the executory vendor, who owned the land, had made an executory contract for the sale and had consented in writing for the executory vendee to purchase materials from Kiowa Lumber Company for the erection of the improvements, and the executory vendor had waived its vendor's lien in favor of Kiowa.

In Sisemore v. Voelkle, Okl., 312 P.2d 922, one of the issues presented was whether the materialman had a contract with the "owner" within our lien laws where the materialman furnished labor and materials under a contract with the executory vendee, and the executory vendee was not in possession of the property at the time the contracts for labor and materials were made nor while the labor was performed and the materials were furnished.

In Sisemore, we held that executory vendee was not the "owner" within our lien laws and that a materialman's lien, accruing to a lien claimant under a contract with an executory vendee, not in possession, was junior and inferior to the rights of the executory vendor. In the body of the opinion, we said:

"* * * We had occasion to point out in Pirtle v. Brown, 141 Okl. 227, 284 P. 898, and the holding has since been repeatedly stated, that in order to obtain a lien under the mechanic's and materialman's lien statute, the laborer or materialman must have a contract with the owner. And while we further held in that case that by 'owner' is meant any one who has either a legal or an equitable interest in the property, where such interest is asserted under a contract for sale, the lien is upon the equitable interest of the person in possession. In the cases where a lien upon the interest of a purchaser under an executory contract for sale, has been recognized it has been upon the basis of possession under a contract of purchase. Pirtle v. Brown, supra; Long-Bell Lumber Co. v. Prowant, 114 Okl. 35, 243 P. 165; Thomas v. Soper Lumber Co., 69 Okl. 197, 171 P. 736.

"* * * *

"In the Pirtle case we held that where the purchaser under an executory contract for sale was in possession, the lien of the laborer and materialman was 'only upon such buildings and improvements so constructed separate from the real estate'. * * * While mechanics and materialmen may acquire a lien by contract with a vendee in possession under an executory contract of sale in the absence of a contract with the vendor, such lien is limited to new improvements placed upon the property, and the lien does not affect the interest of the vendor in the real estate and prior existing improvements. Pirtle v. Brown, supra; Home Building & Loan Ass'n v. White, 141 Okl. 240, 284 P. 889; Braden Co. v. Lancaster Lumber Company, 170 Okl. 30, 38 P.2d 575, 102 A.L.R. 230; Cahill-Swift Mfg. Co. v. Sayer, 72 Okl. 88, 178 P. 671.''

In Statser v. Chickasaw Lumber Company, Okl., 327 P.2d 686, we held:

"Where an executory vendee enters into possession of the real estate with the consent of the vendor and commences the erection of improvements thereon, with knowledge of the vendor,

the failure of the vendor to object to such construction and/or advise those furnishing labor and material that the vendee is not the legal owner of the property will not estop the vendor from denying that the vendee had authority to subject the real estate to liens for such labor and material, when the vendor's ownership of the legal title at all times appeared of record."

In Thomas v. Soper Lumber Company, 69 Okl. 197, 171 P. 736, we held:

"A materialman who furnishes material to be used in the construction of improvements on premises to a party who is in the peaceable and lawful possession of said premises under and by virtue of an executory contract to purchase the same from the legal owner thereof has a lien upon the equitable interest of the vendee in said contract together with the building in the construction of which the material was used."

In Crutcher v. Block, 19 Okl. 246, 91 P. 895, we said that the general rule is that it is not necessary that the person for whom a building is erected should own the fee-simple title, but the word "owner", as used in the statute, includes every character of title, whether legal or equitable, fee-simple or leasehold. In Crutcher, materials were furnished for the construction of a building by a subcontractor for the benefit of Crutcher who had a lease upon and .was in possession of a building lot. It was contended that since Crutcher did not have legal title to the lot, no lien could attach. In holding that the materialman had a lien upon the leasehold interest of Crutcher, which included the building that was constructed, we held:

"Where one causes to be erected a building on real estate in his possession, and material furnished for such purposes is not paid for, a materialman's lien may be had under the laws of Oklahoma, even though the person for whom such building was erected is not the owner of

a perfect legal title. A leasehold estate, if the building is erected within the authority conveyed by such instrument, is a sufficient title of ownership to authorize such a lien; and, in default of payment, such lien may be foreclosed and the rights of the lessee in the land or to the occupancy thereof under his lease, as well as the building, may be sold to satisfy the judgment."

■ The above cases support the proposition that a lien may attach against the interest of an executory vendee where the executory vendee, who is in possession of the premises, contracts with a materialman to furnish materials for the construction of improvements on the premises subject to the executory contract. However, they will not support the proposition that when an owner of a building lot (an executory vendor) contracts with another (an executory vendee) to build a house on the lot according to certain plans and specifications and to convey the improved premises to the executory vendee, that the executory vendee becomes the "owner" and the executory vendor becomes the "original contractor" within the meaning of the lien laws while the building is being constructed.

In the case at bar, B & B remained in possession of the property until the improvements were completed which was in harmony with the contract between B & B and Townsends. Townsends did not contract with B & B to build them a house on a lot that Townsends owned, but contracted to purchase the lot with the house constructed thereon according to certain plans and specifications, for a single price, $22,500.00. Townsends were not the "owner" and B & B was not the "original contractor" while the house was being constructed within the meaning of our lien laws, but B & B remained the "owner".

In view of the above decisions we find it unnecessary to consider Toler v. Satterthwaite, 200 Kan. 103, 434 P.2d 814, promul-

gated by the Supreme Court of Kansas in 1967. In connection with some of the issues presented see Hannan v. Handy, 104 Conn. 653, 134 A. 71, 47 A.L.R. 259; and the annotation in 47 A.L.R. 263–264.

■ We hold that when an owner of a building lot (an executory vendor) contracts with another (an executory vendee) to build a house on the lot according to certain plans and specifications and to convey the improved premises to the executory vendee, a materialman, who furnishes materials to the executory vendor for the construction of the improvements prior to the time the executory vendee obtains record title to the premises, comes within the purview of 42 O.S.1961, § 141, and is entitled to perfect his materialman's lien pursuant to 42 O.S.1961, § 142. Under the above circumstances, the executory vendor is the "owner" of the premises within the meaning of § 141, and it is not necessary to serve written notice of the lien upon the executory vendee, even though the materialman may have furnished some of the materials for the construction of the improvements and may have filed his lien after the executory vendee obtained record title.

In the case at bar, plaintiff furnished materials for the construction of the building to B & B, the "owner" of the property within the meaning of § 141, supra. Plaintiff perfected its lien pursuant to § 142, and it was not necessary to serve written notice of the lien upon Townsends even though plaintiff may have furnished some of the materials and may have filed his lien after Townsends obtained record title to the premises.

Judgment reversed with directions to enter judgment in favor of lien claimant.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, LAVENDER and BARNES, JJ., concur.

HODGES and McINERNEY, JJ., dissent.