## OKMULGEE PLUMBING CO. et al. v. COMSTOCK et al.

No. 16259. Opinion Filed June 22, 1926.

Rehearing Denied June 28, 1927.

1. **Mechanics' Liens—Priority Over Waived Vendor's Lien.**

Where the owner of land, who has made an executory contract for its sale, consents in writing for the executory vendee to purchase lumber and material from a lumber company for the erection of permanent and valuable improvements thereon, and waives his vendor's lien in favor of such materialman, the lien so waived is subsequent and inferior to the lien of such materialman upon the entirety in such land and improvements.

2. **Same — Inferiority of Liens for Labor Performed Without Contract with Owner.**

Where, in such case, the executory contract fails, and title, both legal and equitable, reverts to the vendor, other lien claimants, who performed work and labor in the construction of such improvements, but without any contract with such owner, are postponed in favor of the equitable rights of the materialman and the executory vendor.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Okmulgee Plumbing Company et al. against A. B. Comstock et al. From a judgment fixing the priority of mechanics' and materialmen's liens, certain of the lien claimants appeal. Affirmed.

Jos. I. Pitchford, S. L. O'Bannon, G. E. Cassity, H. S. Samples, and Harland Carter, for plaintiffs in error.

C. E. B. Cutler, for defendants in error.

A. E. Graham, for defendant in error H. E. Ketcham.

Opinion by PINKHAM, C. This suit was instituted in the superior court of Okmulgee county by H. E. Ketcham, one of the defendants in error, as plaintiff, against T. Manning, A. B. Comstock, and others, for the purpose of foreclosing a materialman's lien upon certain property described as "lot 11, Deirick and Walker addition to the city of Okmulgee, Oklahoma."

The facts disclosed by the record, briefly stated, are as follows: On or about the 4th day of August, 1923, the defendant A. B. Comstock made an arrangement with the defendant T. Manning. whereby he, Comstock, agreed to sell the said lot. of which he was

the owner, to the defendant Manning, and a deed was executed at or about that time by Comstock to Manning conveying the lot in question for the purchase price of $600. The deed was placed in escrow in the hands of a real estate agent to be held by him until the money was paid. The record does not disclose what became of the deed except that it is not of record, and there was no proof that Manning ever paid anything on it.

About the time of this transaction between the defendant Comstock and the defendant Manning, Manning, desiring to build a residence upon said lot, went to the plaintiff Ketcham, a lumber dealer, to make arrangements to purchase the lumber and other material with which to erect a dwelling house thereon.

It appears that the plaintiff Ketcham required the defendant Comstock to sign an instrument which authorized the plaintiff Ketcham to furnish to T. Manning all lumber and such other building material as he might need in the erection of the building on the lot in question, and charge the same to the defendant Manning, and against the lot therein described, and that Comstock waived his claim as owner of the lot, and that the plaintiff Ketcham's claim for said material should be a first charge against the said lot.

After this arrangement was made, Manning employed the other defendants herein to perform labor and to furnish other material and building supplies in erecting the house upon the lot in question, but without securing the consent or permission from the owner of the lot, Comstock.

The defendant Manning failed to pay for any materials or lumber furnished and labor performed on said lot, and the plaintiff Ketcham filed his lien on the real estate, including the building which Manning had erected on the said lot, and the other defendants, the plaintiffs in error here, filed their respective liens upon the building separate from the real estate.

Upon the trial of the case all the claims were placed in judgment, and the various liens sustained, and the cause was continued for the purpose of establishing the priority of liens.

Thereafter, on the 1st day of October, 1924, the court entered a judgment in favor of the defendant A. B. Comstock and against the defendant T. Manning, for the sum of $600, together with interest thereon at the rate of 6 per cent. from the 6th day of August, 1923, and that defendant A. B. Com-stock have a lien for the sum of $600, with interest thereon as aforesaid, subject and inferior, however, to the lien of said plaintiff Ketcham against the property involved in the action, and that unless the claim of the defendant Comstock is paid within five days from the date of judgment said lien be foreclosed and the property sold subject to the lien and claim of the plaintiff Ketcham; and, further, that each of the other defendants and interveners have and recover judgment against the defendant Manning, in the amounts prayed for in their various petitions, and each of them have a lien co-equal with each other against the property involved in the action, and that each of said liens are subject and inferior to the lien and claim of plaintiff Ketcham and the lien of defendant Comstock.

A motion for a new trial was filed on behalf of the lien claimants, who were remitted to the third lien, which motion was overruled, exceptions reserved, and an appeal taken to this court.

The only question presented to this court for determination is the action of the trial court in fixing the priority of the several liens. The argument is that it was the intention of the Legislature in the passage of the 1923 Act (Session Laws of 1923, c. 54) to create a lien for laborers and materialmen upon the buildings and improvements separately from the real estate, when title was not in the person with whom the contract was made; and it is contended there is nothing in the 1923 law which requires the consent, oral or written, of the owner of the land before such a lien attaches to the improvements.

Section 7461, C. S. 1921, was amended by the 1923 Legislature to read as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration, or repair of any building, improvement or structure thereon, or perform labor in putting up any fixtures, machinery in, or attachment to any such building, structure or improvements * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate. * * *"

It is conceded that the defendant Comstock was at all times the record owner of the lot in question; that the plaintiff Ketcham had the written consent of the owner to furnish the defendant Manning the material

with which Manning erected the building on the lot in question; and that the plaintiffs in error did not have either the oral or written consent of the owner to furnish labor or material to the defendant Manning.

Under this state of facts the court held that the plaintiff Ketcham, by virtue of his contract, was entitled to a first lien upon the lot and improvements thereon to the extent of his claim; that the defendant Comstock, the owner of the lot, was entitled to a second lien for the purchase price of $600; and that after the sale of the property as a whole, the other claimants, plaintiffs in error, should pro rate equally between themselves the balance remaining after the satisfaction of the claim of the owner, Comstock, and the claim of the plaintiff H. E. Ketcham, together with interest and whatever was reasonable attorney fees.

It is clear from the language of the section of the statute referred to, that the plaintiff Ketcham, having furnished material to Manning with which to erect a building upon the lot of Comstock, the owner, with the owner's written consent, was entitled to a lien upon the whole of the piece of land—the lot in question—including the building erected thereon by Manning, and it is equally clear, we think, that the owner was entitled to a lien upon the lot and building to the extent of the unpaid purchase price, subject to the lien of the plaintiff, by reason of the contract under which the owner consented that the plaintiff might furnish the material to Manning, and in which contract the owner waived his claim on the lot, so far as the claim of the plaintiff Ketcham is concerned; and it follows, we think, that the other lien claimants, who furnished material or labor which went into the building without any contract, oral or written, with the owner of the lot, were entitled to a lien upon the property, subject to the lien of the plaintiff and the lien of the owner to the extent of the purchase price.

Plaintiffs in error say in their brief:

"Therefore, if Ketcham has a prior lien, or if his lien is paramount in any particular, to any of the other lienholders, it is by reason of this contract with Comstock, with which none of the other lienholders was a party, and if this be true, Ketcham should take that which Comstock had, i. e., lien for $600, vendor's lien. Ketcham having then taken what Comstock was entitled to, the vendor's lien is out of the case as between Comstock and plaintiffs in error. Ketcham, after taking the first $600 realized from the sale of the property, would be on a parity with the rest of the lienholders for the bal-

ance of his claim above $600, and Comstock would come last, having waived his priority to Ketcham."

We are unwilling to place a construction upon the statute relied upon by plaintiffs in error heretofore cited, that would or might operate to deprive the legal owner of land of his vendor's lien, or to make such lien subordinate to the lien of others who furnished material and labor to one in possession under an executory contract to purchase the land from the legal owner, in the absence of any contract with the legal owner to that effect.

While the plaintiffs in error were entitled to a lien upon the building separate from the real estate, by virtue of their contract with the person in possession of the piece of land under an executory contract to purchase the same, still, before the legal interest of the owner, Comstock, could be bound by the liens of the codefendants, there must be an enforceable legal contract with the owner sought to be charged with the lien. Gentry-Bowers Lbr. Co. v. Hamill, 75 Okla. 210, 182 Pac. 687.

In the case of Thomas v. Soper Lbr. Co. et al., 69 Okla. 197, 171 Pac. 736, it is held in the first paragraph of the syllabus:

"A materialman who furnishes material to be used in the construction of improvements on premises to a party who is in the peaceable and lawful possession of said premises under and by virtue of an executory contract to purchase the same from the legal owner thereof has a lien upon the equitable interest of the vendee in said contract together with the building in the construction of which the material was furnished."

It is further contended by plaintiffs in error that the plaintiff Ketcham has a lien upon two pieces of property, one real and one personal—the lot and the building erected thereon—and that he should first exhaust his lien upon the lot upon which the plaintiffs in error have no lien. In support of this proposition, plaintiffs in error cite section 7418, C. S. 1921, which provides as follows:

"Where one has a lien upon several things, and other persons have subordinate liens upon or interests in some but not all of the same things, the person having the prior lien, if he can do so without risk of loss to himself, or injustice to other persons, must resort to the property" in the order set out in the section.

The statute relied on and the cases cited in support of the proposition have, we think, no conceivable application to the instant case. The plaintiff Ketcham, who furnished

more than $1,500 worth of lumber to the defendant Manning, had a lien upon the entire property by virtue of his contract with the defendant Comstock, the record owner of the lot. The owner, Comstock, had a vendor's lien upon the lot to the extent of the unpaid purchase price, which lien he waived in his contract with the plaintiff, Ketcham, but he did not waive his vendor's lien by any contract, oral or written, with the subsequent lien claimants, plaintiffs in error.

By the judgment of the court the plaintiff Ketcham, as before stated, was given a first lien upon the property; the owner, Comstock, was given a second lien to the extent of the purchase price of $600, and the plaintiffs in error were given a third lien upon the balance remaining after the sale of the property.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 287, §366; anno. 23 L. R. A. (N. S.) 612; L. R. A. 1917D, 582; 18 R. C. L. pp. 897, 959. (2) 40 C. J. p. 283 §354.