### KERFOOT v. SALYER et al.

No. 19725. Opinion Filed Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

Kienzle & Hickok, for plaintiff in error.

E. C. Stanard and Leonard Carey, for defendants in error.

ANDREWS, J. The parties appear in the same order in which they appeared in the trial court. They will be referred to as plaintiff and defendants, respectively.

Plaintiff instituted a suit against the defendants B. Salyer and Hattie Salyer to recover a judgment on a promissory note and for foreclosure of a real estate mortgage securing the payment of same. He joined the defendant Kiowa Lumber Company, and as against it alleged that it claimed some right, title, and interest in and to the property. He recovered judgment against the Salyers for the amount sued for.

The Kiowa Lumber Company answered that it held a valid materialman's lien on the property mortgaged and that that lien was superior to the mortgage of the plaintiff, and asked for a foreclosure thereof.

Plaintiff replied by general denial and that the Kiowa Lumber Company had waived its lien.

Upon those issues the cause was submitted to the trial court without a jury, and that court rendered a judgment in favor of the Kiowa Lumber Company for the amount claimed and decreed that judgment to be a lien on the property superior to that of the judgment in favor of the plaintiff for foreclosure of his mortgage.

After a motion for new trial was overruled the cause was brought to this court on appeal.

Plaintiff here contends that the Kiowa Lumber Company did not have a lien upon the property, and that if it did have a lien, that lien was inferior to the rights of plaintiff under his mortgage.

On the first proposition plaintiff contends that the lien statement of the Kiowa Lumber Company was not filed until after the expiration of 60 days after the date on which material was last furnished, and that by reason thereof the Kiowa Lumber Company never acquired a lien upon the property as against the plaintiff, who was the owner of the property. The plaintiff contends that the Kiowa Lumber Company was a subcontrac-

tor and that it sold the material to Salyer as the contractor.

The evidence does not sustain that contention, but shows that Salyer was not a contractor within the meaning of our lien statutes. Salyer was an owner within the meaning of those statutes and in possession of the real estate under an executory contract of purchase with the plaintiff. Salyer did not contract to build a house for the plaintiff, and the Kiowa Lumber Company did not contract to furnish material to Salyer for use in the building of a house for the plaintiff. Salyer was building a house for himself and the Kiowa Lumber Company contracted to furnish the material to Salyer for the building of a house for Salyer.

The lien claim of the Kiowa Lumber Company was based upon its sale of material to Salyer for use in building a house for Salyer. The subcontractor's lien statute, section 7463, C. O. S. 1921, does not apply. Under the contractor's lien statute, section 7462, C. O. S. 1921, the Kiowa Lumber Company had four months after the date on which material was last furnished in which to file its lien statement. The statement was filed within that time.

Under the second contention the plaintiff contends that the Kiowa Lumber Company waived its lien rights by the execution of a written waiver.

The facts as shown by the record are that plaintiff owned a number of lots which he contracted to sell to B. Salyer and H. B. Jones. That contract provided that Salyer and Jones were to build four houses on four lots; that they were to buy their material from the Kiowa Lumber Company on credit, and that they were to furnish all labor for building the houses without pay and relinquish all rights to file all labor liens and all right to have any of their employees file labor liens on any of the houses. After the four houses were completed Salyer and Jones were to borrow enough money to pay for the material and $250 to pay on each lot, or they were to sell the property and pay for the material and the lots. If a satisfactory mortgage was arranged or a satisfactory sale of the four houses was made, the Kiowa Lumber Company was then to be paid for the material furnished and plaintiff was then to be paid for the purchase price of the lots. If a loan sufficient to pay both the Kiowa Lumber Company and the plaintiff could not be made, Salyer and Jones were to make a first mortgage to the Kiowa Lumber Company and plaintiff was to take a second

mortgage for the price of the lots, or a loan might be made to some building and loan company for enough to pay the Kiowa Lumber Company and plaintiff would take a second mortgage for the price of his lots. The plaintiff was to retain title to the real estate until he received payment or was given a mortgage securing the payment of the price of the lots.

The Kiowa Lumber Company furnished material to Salyer and Jones for the construction of a house on one of the lots. Salyer and Jones violated the contract in that they contracted bills for labor for the construction thereof. Both the plaintiff and the Kiowa Lumber Company knew of this breach of the contract. When the house was completed Salyer made a mortgage to a building and loan association for $2,100. The proceeds of that mortgage was paid to the agent of the building and loan association, who held the same until the title to the mortgaged property could be perfected, and in order to perfect the title the Kiowa Lumber Company and all other lien claimants executed waivers, the plaintiff executed a deed and the papers were all delivered to the agent of the building and loan association with the understanding that the proceeds of the loan was to be used to pay the Kiowa Lumber Company and the labor claims. The plaintiff received a second mortgage from Salyer to secure the payment of the purchase price of the lot. Before the transaction was completed, the agent of the building and loan association talked with the plaintiff and said to him, "If there is any little balance due on that stuff—" and the plaintiff said, "There is nothing, I am sure;" and "I will take care of that in my mortgage for Salyer." Under the terms of the contract the purchase price of the lot was to be $500 and the mortgage was made from Salyer to the plaintiff for $750.

· The agent of the building and loan association paid the labor claims and paid the balance in his hands to the Kiowa Lumber Company, leaving a balance of $138.05 due the Kiowa Lumber Company.

Under that state of facts the trial court rendered judgment decreeing the Kiowa Lumber Company to have a lien superior to that of the plaintiff's mortgage.

It is urged by the plaintiff that the Kiowa Lumber Company contracted to take a mortgage as security for its bill and that it thereby waived its right to a lien. The contract is subject to no such construction. Under that contract the Kiowa Lumber Company was to have a first mortgage or was to be paid from the proceeds of a first mortgage to some building and loan company. There is nothing in the contract to show a waiver of the right to a lien by the Kiowa Lumber Company as against a party to the same contract.

At the time of the completion of the building the rights of the parties, under the rule announced by this court in Okmulgee Plumbing Co. v. Comstock, 125 Okla. 245, 257 Pac. 320, were as follows: The plaintiff, the owner of the land, had made an executory contract for the sale and had consented in writing for Salyer and Jones, the executive vendees, to purchase material from the Kiowa Lumber Company for the erection of improvements thereon. He had waived his vendor's lien in favor of the Kiowa Lumber Company. The Kiowa Lumber Company was entitled to a first lien.

The Kiowa Lumber Company, pursuant to the contract, waived its lien rights in order to permit the building and loan association to take a first mortgage as provided in the contract, and the plaintiff, pursuant to the contract, took a second mortgage in order to permit the building and loan association to take a first mortgage as provided in the contract. Both the plaintiff and the Kiowa Lumber Company waived their rights in order that the contract might be complied with. The plaintiff cannot now say that he acquired an advantage over the Kiowa Lumber Company by complying with a contract under which that company was to receive its money first.

The amount of the mortgage to the building and loan association was the maximum amount that that company would loan on the property and was in excess of the amount due to the Kiowa Lumber Company. The plaintiff made no objection to the amount of the mortgage, but said, in substance, that if the amount produced by the mortgage was not sufficient to satisfy the claims, he would take care of the difference in his mortgage from Salyer.

Under that state of facts, this court is unable to say that the judgment of the trial court is against the clear weight of the evidence and that well-defined rule will be applied in this case.

The judgment of the trial court is affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., absent.