*293
 
 Johnson, J.
 

 The jury wore properly instructed as to the waiver of the defendants’ lien for their charges for insurance, *freight, cartage, labor, storage and „ ^ fire insurance, that if on being apprised of the plaintiff’s claim, they put themselves, not upon their lien, but only upon the denial of the plaintiff’s right, they could now assume a different ground.
 
 (Holbrook
 
 v. Wright, 24 Wend. 169.)
 

 The jury were likewise instructed, that if the cotton in question was consigned to the defendants as Hunter’s factors, with advice of a draft, and directions to insure, and not with intent of transferring to them the property in the cotton, or on any agreement to consign the same to them in payment of, or security for, any previous debt owing by Hunter, to the defendants, then that the cotton remained subject to Hunter’s disposal, until it should come to the actual possession of the defendants, unless they should have actually accepted the consignment, according to the terms of Hunter’s letter of consignment..
 

 Patten
 
 v.
 
 Thompson
 
 (5 M. & S. 350) shows, that though the factor is under acceptance, on general account, for a consignor, and has the bill of lading, yet, that until the actual receipt of the property, the vendor of the consignor may stop them
 
 in transitu.
 
 It was so held, upon the ground that there was neither a pledge by way of security for advances made, nor an assignment of the bill of lading, except for the purpose of enabling the factor to receive the property, and carry it to the account of his principal, and without any reference to a loan or balance due the factor. Lord Ellenborough refers to
 
 Kinloch
 
 v.
 
 Craig
 
 (3 T. R. 119), as going upon the same ground, although, in that case, the bill of lading was unindorsed, and as to that circumstance, he says, “ with respect to the indorsement of the bill of lading, if it be made to the party,- merely as factor, I conceive, it carries his rights no further, being made for the benefit of the
 
 *294
 
 principal.” The same doctrine is recognised in
 
 Grosvenor
 
 v.
 
 Phillips
 
 (2 Hill 147).
 

 None of the cases hold, or at all countenance, the doctrine that a factor or consignee can acquire a lien for his general balance, before he gets possession of the property, unless it be in pursuance of the agreement of the parties, express or implied, from their acts and course of dealing. In this case, the question whether such an ^ • agreement existed, depending *upon both the J letters and the course of business of the parties, as they appeared in evidence, was submitted to the jury, who have found that no such agreement existed. The judgment should, therefore, be affirmed.
 

 Judgment affirmed.