Fowler & Stillman vs. Stevens.

## No. 5373.

29  353
47  532

### JUDSON FOWLER & STILLMAN VS. HENRY B. STEVENS.

One who has represented himself in his own pleadings, in a former suit, as a part-. ner in a certain firm, is estopped from afterward denying it.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J.

*E. Rawle*, for plaintiffs and appellees.

*Alfred Phillips*, for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiffs sue the defendant, as surviving partner. of the commercial firm of L. W. Lyons & Co., on an account for merchandise sold and delivered. The defense is that no partnership existed between L. W. Lyons and the defendant, but the latter was merely an employee of the firm of L. W. Lyons & Co., which had but one member; *i. e.*, Lyons.

The question of partnership *vel non*, as dependent upon and controlled by the nature and effect of the agreement, does not enter into this case. The defendant has precluded himself from denying that he was a partner by his judicial admissions and his sworn statements on record.

Lyons died in 1867, and in the same year defendant presented his petition to the Second District Court of Orleans, signed by himself, commencing thus: "The petition of Henry B. Stevens respectfully represents that, as the surviving member of the late commercial firm of L. W. Lyons & Co., he is entitled to the liquidation of the same," etc. The prayer is that he be "appointed and qualified as liquidating partner of that firm," and the order of court conforms to the prayer of the petitioner.

A year later he presents his provisional account to the court, and describes himself as the "liquidating partner of the late commercial firm of L. W. Lyons & Co." These are not mistakes of description by counsel. This petition, like the other, is signed by himself. On the trial, some months later still, wherein the homologation of the account is asked, he is a witness, and says: "I am the liquidating partner of the late firm of L. W. Lyons & Co."

These judicial admissions unalterably determine his liability in the capacity in which he is sued by the plaintiffs. His evidence to the contrary can not now be heard. He can not be permitted to impugn what he has thus solemnly and repeatedly asseverated in judicial proceedings to be true. But some of his answers on the trial of this cause impliedly and inferentially admit the partnership. Thus, replying to the question if any of the creditors of the firm ever knew him as a partner, he says: "No, I don't think any of the creditors knew that I was in the concern

until after his (Lyons's) death." And the agreement of Lyons and Stevens, which the latter introduces in evidence to show that there was no partnership between them, stipulates that Stevens shall not "indorse any paper or go security for any one in his own name or that of the firm." There can be no doubt of the defendant's liability, and so thought the lower court. A remittitur of interest by reducing the rate has been voluntarily made by plaintiffs.

It is therefore ordered, adjudged, and decreed that the judgment of the court *a qua* be amended so as to reduce the rate of interest from seven to five per centum per annum, and, as thus amended, it is affirmed with costs.