A. MORRISON, AND J. E. BAILEY, *partners during business under the firm name of* A. MORRISON & COMPANY v. C. E. ATKINSON, H. E. MARTIN, AND R. M. BOURLAND, *partners as* CHICKASHA BROKERAGE COMPANY.

(Filed February 15, 1906.)

APPEAL—Estoppel on—Arises, When. Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. Hence, where a party assumes a position and asserts a legal right in the district court, and there asks the benefit of that position, he is estopped from denying the legality of that position on appeal to the supreme court.

(Syllabus by the Court.)

Morrison *et al.* v. Atkinson *et al.*

*Error from the District Court of Oklahoma County; before*
*B. F. Burwell, Trial Judge.*

*Hays, Thorp & Thorp,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendant in error.

### STATEMENT OF FACTS.

This was an action originally brought in the probate court of Oklahoma county, from which an appeal was taken by the plaintiff in error to the district court of Oklahoma county. In the district court, the plaintiff in error moved the court for judgment in favor of the plaintiff in error, defendant in that court, and against the plaintiff, for the reason that the plaintiff has not compiled with rule 19 of that court. Rule 19, is as follows:

"In appeal cases, which under the statute stand for trial at a term of court, the appellant shall be required to deposit with the clerk the sum of $10.00 and the appellee the sum of $5.00 on the first day of such term to apply on costs accruing in the district court. For failure to comply with this rule, the court may enter either a default, or an order dismissing the appeal or cause."

This motion coming on to be heard by the court, it was found by the court that the appellant had not made the deposit required by rule 19, and for this reason the appeal was dismissed, to which the defendant excepted, motion to set aside the judgment of dismissal was made, overruled, and exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: But one reason, is assigned as grounds for reversing the order of the court below, to wit: that said order and the rule of said court, requiring that in appeal cases ap-

pellant shall deposit with the clerk $10.00 to apply on costs, and authorizing the court to dismiss the appeal upon the failure. of appellant to make such deposit, are illegal and void.

The record in this case shows that in the district court this matter came up for hearing upon the motion of the plaintiff in error, who was the defendant in that court. He asks the enforcement of this rule, and alleges that a violation of this rule by the plaintiff in the court below, defendant in error here, is a sufficient legal cause for judgment in his favor. Now we take the rule to be that where a party assumes a position in the district court, and asks for relief on certain legal grounds, that when he has succeeded in bringing the matter before the court upon the theory adopted by him, and upon his demand for legal relief, that he is estopped from denying that such position is correct, or that he is entitled to such legal relief, on appeal. In this case, as shown on page 24, of the record, the plaintiffs in error filed in the court below on October 25, 1904, their written motion, asking that the court below dismiss the cause of defendant in error, because he had failed to make the deposit required by rule 19. They thus expressly asked the court to enforce that rule, and to hold that the defendant in error had not complied with it. After they had invoked the benefit of this rule, and had had a hearing thereon, and it was found that they were in default for non-compliance with this rule, and their cause was defeated by the very rule they themselves had enforced, they now desire to be heard in this court to say that while they asked the enforcement of the rule, they now deny the right of the court to make such a rule. We take the true rule to be, that parties are restricted on appeal to the theory

on which the case was tried in the court below—2 Cent. Digest, col. 1580, sec. 1053.

"Where parties consent to try their cause below on a particular theory of what the law of the case is, though it be erroneous, they cannot complain if the result be correct according to that theory." *Davis v. Jacoby,* 54 Minn. 144, 55 N. W. 908.

Now when they asked the court to enforce that rule, they in effect said that the rule was a valid rule, and that they desired the benefit of it. The matter was tried in the court below on the theory that rule 19 should be enforced. The only question for the court to determine was, who was in default according to the terms of that rule. The determination of the court was unquestionably correct if the rule was a valid one; and according to the doctrine laid down by the Minnesota supreme court in the case of *Davis v. Jacoby,* they cannot be heard to complain that the rule invoked was erroneous if the result be correct according to the theory they adopted. In other words, counsel for defendant below, in their motion for judgment, alleged that said rule 19 was legal, and pleaded that they had complied therewith, and that plaintiff below had failed to comply with the requirements thereof, and for that reason they asked that judgment be entered in said cause in favor of said defendant. Hence it is evident that the position now taken by counsel for said defendant is inconsistent with the position which they occupied when they filed and urged said motion for judgment for non-compliance with said rule 19.

In the case of *Wells v. Gains,* (Pa.) 2 Grant Cases, 60, the Pennsylvania supreme court say:

"Where a man alleges a fact in a court of justice for his advantage, he shall not be allowed to contradict it afterwards."

In the case of *Fowler v. Stevens,* 29 La. Ann. 353 the Louisiana supreme court say:

"One who has represented himself in his own pleading, in a former suit, as a partner in a certain firm, is estopped from afterwards denying it."

In *Davis v. Wakely,* 156 U. S. 681, in the opinion, at page 689, Mr. Justice Brown, in speaking for the court, says:

"It may be laid down as a general proposition, that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

And, in the case of *Philadelphia etc. Railroad v. Howard,* 13 Howe, 307 in the body of the opinion the court say:

"We are clearly of opinion that the defendant cannot be heard to say, that what was asserted on a former trial was false, even if the assertion was made by mistake. If it was a mistake, of which there is no evidence, it was one made by defendant, of which he took the benefit, and the plaintiff. the loss, and it is too late to correct it."

In the case of *Railroad Company v. McCarthy,* 96 U. S. 258, it appears that the defendant proved on the trial in the court below that it was impossible to forward certain cattle on Sunday, for want of cars, and it was held to be fairly presumed that no other reason was given for the refusal at that time; and that the railway company could not in this

court, set up the illegality of such a shipment on the Sabbath, under the Sunday law of West Virginia. In delivering the opinion of the court, Mr. Justice Swayne says:

"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to amend his hold."

To the same effect are *Railroad Co. v. National Bank,* 102, U. S. 14; *Daniel v. Toarney,* 102 U. S. 415, 421; *Everett v. Saltus,* 15 Wend. 474; *Holbrook v. Wight,* 24 Wend. 169; *Winter v. Coit,* 7 N. Y. 288.

In the case of *Abbott v. Wilbur,* 22 La. Ann. 368, the court says:

"It is contrary to the first principles of justice that a man should obtain an advantage over his adversary and relying upon the validity of a judgment against himself, and in a subsequent proceeding upon such judgment, claim that it was rendered without personal service upon him. Davis may possibly have been mistaken in his conclusion that the judgment was valid, but he is conclusively presumed to know the law, and cannot thus speculate upon his possible ignorance of it. He obtained an order which he could only have obtained upon the theory that the judgment was valid— * * * his statement that it was in force was equivalent to a waiver of service, a consent that the judgment should be treated as binding for the purposes of the motion and he is now estopped to take a different position.

Hence, in this case, it is unnecessary for us to go into an extended discussion as to the inherent right of the court to make the necesary rules and regulations to facilitate a proper discharge of the business coming before the court, because, for the reasons herein expressed, we think the plaintiff

in error is estopped from asserting the validity of the rule, after having invoked its aid in the court below. The decision of the district court is therefore affirmed, at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.