## ANTRIM LUMBER CO. v. WAGNER et al.

No. 24416.    Jan. 28, 1936.

sonable time in which to procure said mentioned loan.

"Josephine H. Wagner, First Party.

"A. McNutt, Second Party."

Witness Gib Olson."

The cause of action was instituted by plaintiff, Paule, filing in the district court a petition for the foreclosure of a lien for plumbing. The allegations, so far as material to this cause, as set forth in said petition, are as follows:

"That heretofore, to wit: on or about the 21st day of August, 1929, he entered into an oral contract with A. McNutt, one of the said defendants, by which said plaintiff was to construct, furnish the labor and material and install a complete bathroom outfit, consisting of one bath tub, one closet, one seat, one hot water tank, one heater for said tank, and all labor of putting in said bath fixtures, all labor for same, and all labor for the needed and necessary digging ditches for said work.

Hughes & Hughes, for plaintiff in error.

Reed & Montgomery, for cross-petitioner in error.

Clayton Carder and Ralph Carder, for defendant in error.

PER CURIAM. For convenience, plaintiff in error will be referred to herein as cross-petitioner; defendant in error George W. Paule will be referred to as plaintiff; and defendant in error Josephine H. Wagner will be referred to as defendant.

There is little dispute as to the facts in this case. From the record it appears that prior to the 10th day of August, 1929, the defendant, Josephine H. Wagner, was the owner of certain land in the city of Hobart, Okla. She had been the record owner since May 6, 1927. On August 10, 1929, she made a contract with one A. McNutt whereby she agreed to sell the said land to him upon the payment of the sum of $280, which contract is short, and is as follows:

"This contract entered into this 10th day of August, 1929, by and between Josephine H. Wagner, party of the first part and A. McNutt, party of the second part.

"Witnesseth: Josephine H. Wagner for consideration of $280 to be paid when loan is completed, does hereby grant, bargain and sell to A. McNutt all of Lot 20 and 8 feet and 4 inches off the south side of Lot 21 in Block 30 Hill's Addition to city of Hobart, Okla.

"Party of second part shall have a rea-

"Plaintiff further shows that the said A. McNutt claimed at that time to be the owner of the lots hereinafter mentioned and described, and that he had a lively interest therein, viz.: that he had a contract with Josephine H. Wagner, one of the other defendants, to purchase the same and had a contract and deed up in escrow with H. S. Reece for the conveyance of said lots and that the said A. McNutt was building a residence on the said lots, which led up to the contract between him and plaintiff to install the bathroom above stated. That the property hereinbefore spoken of is described as follows: (describing it) * * *"

Subsequently the Antrim Lumber Company purchased and took assignments of a number of liens theretofore filed by laborers and filed its cross-petition for the foreclosure of its lien for material and the various mechanics' liens it had acquired by assignment. Thereafter the defendant, Wagner, filed her cross-petition claiming a vendor's lien for the purchase price of the lot on which the building had been erected and into which had gone the material and labor involved in this suit.

The trial court heard the evidence, a jury having been waived, and rendered judgment in favor of the defendant, Wagner, holding that vendor's lien was superior to the liens of the mechanics and materialmen, and further holding that plaintiff and cross-petitioner had liens on the building and on the lot whereon the same was situated inferior only to the vendor's lien of the defendant, Wagner, and it is from this judgment that the plaintiff, Paule, and the

cross-petitioner, Antrim Lumber Company, appealed.

It is to be noted that throughout the pleadings and the proof Paule and the Antrim Lumber Company adopted the theory that their separate contracts were made with McNutt, who represented himself as being the owner under an executory contract of sale of the premises described. There is neither in the pleadings nor in the proof anything whatever to show that the contract was made by plaintiff and cross-petitioner with McNutt as an agent of the owner of the property, but only with him as owner under the executory contract.

The errors assigned are argued under the following propositions:

(1) That the executory vendee became the agent of the executory vendor in the building of the improvements upon said premises, and thereby subjected the vendor's interest to the liens of mechanics and materialmen; and

(2) That the vendor is estopped in equity to assert priority of her vendor's lien as against the lien claimants.

We think that the first contention of plaintiff in error, Antrim Lumber Company, and Paule cannot be urged in this court for the reason that nowhere in the pleadings or proof does it appear that plaintiff in error or Paule dealt wth McNutt as an agent of the vendor. On the other hand, both the petition of plaintiff, Paule, and the cross-petition of Antrim Lumber Company show that they dealt with McNutt as the owner of an equitable interest by reason of his contract of sale with the record owner of the property. This court has held on numerous occasions that a party cannot change theories and present his case to this court on a theory not presented to the trial court by the pleadings and evidence.

In Black, Sivalls & Bryson v. Farrell, 131 Okla. 249, 268 P. 276, the second paragraph of the syllabus is as follows:

"Where parties adopt and try their case upon a certain theory in the trial court, it will be tried on the same theory in the appellate court."

To the same effect are numerous decisions of this court, beginning with Morrison v. Atkinson, 16 Okla. 571, 85 P. 472, decided in 1906, and continuing to the date hereof. We find nothing in the allegations of the petition, cross-petition, or in the evidence to the effect that McNutt was at any time acting as agent for the defendant, Wagner, and we therefore hold that the first contention of plaintiff in error is without merit.

Passing now to the contention that the vendor under the executory contract of sale is estopped in equity to assert the priority of her vendor's lien as against the mechanics and materialmen, we have searched the record in vain for any act or failure to act on her part which would estop her from asserting her vendor's lien. This lien is recognized by our statutes, being section 7427, C. O. S. 1921, sec. 10961, O. S. 1931, which is as follows:

"One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and incumbrancers, in good faith, without notice."

We call attention to the last part of said section, to wit, "subject to the rights of purchasers and incumbrancers, in good faith, without notice."

Can it be said that the mechanics and materialmen furnished labor or material for the improvement of the premises without notice of the rights of the defendant, Wagoner? The record shows that she had been the record owner of these premises since May 6, 1927, more than two years before the contracts were made with plaintiff and cross-petitioner. Having acquired an equitable interest in the premises by the contract of sale, McNutt had a right to improve them as he saw fit. However, he could not, by improving the premises, divest his grantor of her vendor's lien. She was under no obligation to speak for the reason that she had a right to consider such improvements as were being made as being made in accordance with law. That is, under our lien statute, mechanics and materialmen had liens upon the improvements apart from the real estate which might have been asserted under proper pleading and proof. But when the plaintiff and cross-petitioner abandoned their lien as against the improvements apart from the real estate, and brought their action against the owner of the property and to establish their liens upon the land and improvements, they thereby elected to take their lien subject to the prior rights of the vendor.

In Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329, the essential elements of estoppel are set forth as follows:

"The essential elements of an 'equitable estoppel' are: First, there must be a false representation or concealment of facts; second, it must have been made with knowledge, actual or constructive, of the real facts; third, the party to whom it was

made must have been without knowledge, or the means of knowledge, of the real facts; fourth, it must have been made with the intention that it should be acted upon; fifth, the party to whom it was made must have relied on, or acted upon, it to his prejudice."

In National Surety Co. v. Craig, 94 Okla. 63, 220 P. 943, the seventh paragraph of the syllabus is as follows:

"All parties in a transaction stand charged with equal knowledge of the law applicable thereto, and with the legal effect of the acts. If parties stand upon an equal plane, misconstruction of the legal effect of the acts cannot become the basis of an equitable estoppel for one against the other."

Under the facts as disclosed by the record, we can only assume that when defendant made the contract with McNutt and thereafter learned that he was improving the property, she believed that he was conducting himself and constructing the improvements in accordance with law. That is, that mechanics and materialmen furnishing the labor and material upon the premises were doing so in view of the statute giving them a lien upon the improvements apart from the real estate.

Applying the tests set forth above, we do not think defendant, Wagner, was estopped to assert her vendor's lien. The pleadings and the proof show that plaintiff and cross-petitioner knew at all times that defendant, Wagner, was the owner of the premises, and knew at all times that McNutt had only an executory contract for sale of the premises. They performed their labor and furnished their material only to McNutt as executory vendee and their rights are limited and circumscribed by McNutt's rights under the contract, and when they elected to bring their action to foreclose their liens upon the real estate, they took such action subject to the prior rights of the vendor.

We believe that this court, in the recent case of G. A. Nichols, Inc., v. Watson, 170 Okla. 152, 37 P. (2d) 943, has laid down the proper rule in such cases, as follows:

"A court of equity has the power to adjust the equities between the parties arising under a contract for the sale of real estate and to award liens and precedence accordingly."

Finding no error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Samuel A. Boorstin, N. A. Gibson, and Ed. Waite Clark in the preparation of this opinion. These attorneys consti-tuted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Boorstin and approved by Mr. Gibson and Mr. Clark, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.