PACE et al. v. NATIONAL BANK of COMMERCE OF TULSA et al.

No. 30519. April 14, 1942.

Rehearing Denied May 5, 1942.

*125 P. 2d 178.*

O. L. Barlow, of Hominy, and Jesse J. Worten, of Pawhuska, for plaintiffs in error.

Ownby & Warren, of Tulsa, for defendant in error National Bank of Commerce of Tulsa.

Harper, Williams & Boesche and Richard P. Ryan, all of Tulsa, for defendant in error National Supply Company.

GIBSON, J. This action was commenced in the district court by the National Bank of Commerce of Tulsa against Nysen Oil Corporation and J. W. Huff to foreclose a mortgage on a certain oil and gas mining lease. Dowell Incorporated was joined as a defendant allegedly claiming some interest in the lease.

A number of lien claimants intervened, among them the plaintiffs in error Pace and Bray, who appeal from the judgment denying their lien claim.

Pace and Bray were employed by the lessee, Nysen Oil Corporation, as pumper and roustabout, respectively, on the leasehold under express contract at specified wages. They have been paid in full for their labor as provided in the contract. But, after the leasehold went into receivership in the present action, they filed their petitions of intervention based on lien claims alleging that they were entitled to compensation for overtime and certain liquidated damages and benefits alleged to accrue to them under the Federal Fair Labor Standards Act of 1938, 29 U. S. C. A. § 201 et seq.

The interveners take the position that the act of Congress aforesaid was at least by implication a part of their contract of employment, and that since they devoted more time to their duties than the maximum number of hours as limited by the act, they are entitled to pay therefor as therein provided and to a lien as provided by the statutes of this state. 42 O. S. 1941 § 144.

The act of Congress is not set out in the briefs, but it is sufficient to say that it applies only in those cases where the labor is performed in interstate commerce. It provides for payment of overtime for labor performed beyond a certain number of hours per week, and for certain payments in the nature of penalties.

Defendants in error say the interveners Pace and Bray actually performed no overtime services, and that if they did work overtime, the employment was not in interstate commerce; and, further, if they were entitled to pay for overtime, their claims are not lienable under our statutes.

A determination of the latter question will fully dispose of this appeal.

There appears to be some evidence in the record that the lessee agreed to pay one of the interveners for overtime, and there is evidence of at least as great weight that there was no such agreement. The appealing interveners must depend entirely on the act itself as imposing on the employer a contractual duty within the meaning of our lien statutes if they are to successfully claim protection under said statutes. Section 144, supra, says that any person who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes, perform labor shall have a lien upon the whole leasehold. Other sections provide for the procedure for perfecting such lien.

The laws of another jurisdiction ordinarily bear no relation to local statutes in the sense that they may become a part thereof. Certainly they are not to be incorporated therein by implication. There has been no intention manifested on the part of Congress to apply our lien laws to overtime wages and penalties provided by the act under consideration. We do not say whether this could or could not be done. The presumption is that a contract is governed by the laws of the forum. 13 C. J. 258. Here the forum is Oklahoma, and the law is our lien statutes.

The right to assert the lien depends first upon a contract express or implied. Section 144, supra. We have said that there was no express contract here to pay the wages and penalties provided in

the act of Congress. And we say now that there was no implied contract to that effect. Our statute provides that "an implied contract is one the existence and terms of which are manifested by conduct." 15 O. S. 1941 § 133. There was no conduct here on the part of the parties to indicate the existence of a contract other than the express contract heretofore mentioned. The mere existence of a federal law that would exact further payments and penalties does not constitute conduct on the part of the parties within the meaning of the above definition.

Liens for material and labor are entirely of statutory creation, and the right to claim the same is not to be extended beyond the plain statutory provisions. In Harriss v. Parks, 77 Okla. 197, 187 P. 470, the rule is stated as follows:

"Statutory liens, however, have been looked upon with jealousy, and generally will only be extended to cases expressly provided for by the statute, and then only where there has been a strict compliance with all the statutory requisites essential to their creation and existence."

We cannot extend the lien statutes to include by implication claims arising under the laws of another jurisdiction. Nor should we hold that the mere existence of the act in question is sufficient to create between a workman and his employer an implied contract, within the meaning of the lien statute, to pay the benefits and penalties therein provided.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON and ARNOLD, JJ., concur. OSBORN and HURST, JJ., concur in result. RILEY and BAYLESS, JJ., absent.