C. L. BENTON, Plaintiff in Error,

v.

Benny HILL, V. C. Martin and Ollie Martin, husband and wife, Defendants in Error.

No. 40381.

Supreme Court of Oklahoma.

Feb. 11, 1964.

William F. Kyle, Frank R. Hickman, Tulsa, for plaintiff in error.

Steele & Downey, Tulsa, for defendants in error.

JOHNSON, Justice.

C. L. Benton, plaintiff in error, hereafter referred to as plaintiff, commenced this action in the Court of Common Pleas of Tulsa County, Oklahoma, to foreclose a laborer's and materialman's lien upon the real estate of defendants V. C. Martin and Ollie Martin.

The record discloses that Benny Hill made a contract with the defendants Martin to lease their store building involved herein. As a part of the agreement, Hill agreed to make certain alterations and repairs upon the building to fit it for the use he intended under the lease. Hill orally employed the plaintiff to make these alterations and repairs, which were made by plaintiff. Subsequent thereto Hill occupied the premises and operated a business therein for a short time when he was adjudged a bankrupt and relieved of all liability under the oral contract with the plaintiff mentioned above. The plaintiff had not been paid, so he proceeded to file his foreclosure action against the property owners, the defendants herein. The trial court found for defendants Martin, and plaintiff appeals.

Two assignments of error are urged:

"1. That the trial court erred in failing to find that defendants Martin were estopped to assert that their building was not improved with their consent and therefore subject to lien.

"2. That the court erred in not ruling that the acts on the part of the defendants Martin would result in unjust enrichment, therefore subjecting the land to the improvement lien of plaintiff."

Two things stand undisputed in this record: (a) the lessee was to make the repairs at his own expense and (b) he was not to be reimbursed by the lessor.

The case at bar is comparable in many respects to the case of Deka Development Co. v. Fox, 170 Okl. 228, 39 P.2d 143. In the first two paragraphs of the syllabus we said:

"The right of a materialman to a lien depends upon contract. Such contract may be either oral or written. If a lien is asserted against real estate, the contract must be made by the owner or his duly authorized agent. Where a materialman seeks to assert a lien for material furnished to a lessee who holds under a written contract with the lessor, and it fails to appear that the lessee was constituted by the landowner as his agent to purchase the material, the lien of the materialman can extend no further than the improvements constructed out of the material furnished.

"Where the owner leases lands under a written contract which provides that the tenant shall at his own expense make such improvements thereon as are necessary to make the premises adaptable for the purposes for which they are leased, and the lease further provides that the improvements shall revert to the owner at the termination thereof, a materialman furnishing material for making the improvements under contract with lessee is not entitled to a lien against the land, but he may be entitled to a lien against the improvements in certain circumstances."

We follow the opinion in that case covering the questions here involved. To the same effect are the following cases: Antrim Lumber Co. v. Mendlik, 110 Okl. 76, 226 P. 422; Aldridge v. Johnson, 132 Okl. 257, 270 P. 322; Cahill-Swift Mfg. Co. v. Sayer, 72 Okl. 88, 178 P. 671; Stewart Lumber Co. v. Derry, 122 Okl. 208, 253 P. 485. The above disposes of the contention of agency.

 In regard to the assertions of estoppel, we find it disposed of in the case of Antrim Lumber Co. v. Wagner et al., 175 Okl. 564, 54 P.2d 173, where the third syllabus by the court reads:

"The essential elements of an 'equitable estoppel' are:

"First. There must be a false representation or concealment of facts.

"Second. It must have been made with knowledge, actual or constructive, of the real facts.

"Third. The party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts.

"Fourth. It must have been made with the intention that it should be acted upon.

"Fifth. The party to whom it was made must have relied on or acted upon it to his prejudice."

The record discloses that there was no misrepresentation by the defendants to the plaintiff nor any concealment of facts.

 This leaves only the assertion of unjust enrichment to be considered. This phase, as well as the others, requires the plaintiff to meet the burden of proof. The only mention in the entire record concerning the value of this property before and after the alteration comes from one of the witnesses for the defense.

The owner Martin testified:

"Q. (By Mr. Downey) Mr. Martin, I will ask you if, in your opinion, the store building, as a result of what Mr. Hill has done and ordered done, has a greater value now that it had when you leased it to him?

"MR. HICKMAN: Objected to as incompetent, irrelevant and immaterial, not the way to prove the difference in improvements or the values, and no showing that this man is qualified.

"THE COURT: Overruled.

"A. It's no benefit to me.

"Q. (By Mr. Downey) Would you consider the property more valuable as a result of what has been done?

"A. No sir.

"MR. HICKMAN: Objected to as calling for a conclusion.

"A. Absolutely not.

"THE COURT: Overruled.

"A. It will all have to be tore out as soon as they move these fixtures out, every bit of it."

This is the only evidence in the record and is undisputed. The evidence, undisputed, is to the effect that these changes added nothing to the value of the building. This being true, the doctrine of unjust enrichment cannot be applied herein.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., and HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.