**DIETERLE PLUMBING AND HEATING, Appellee,**

**v.**

**William Robert GREEN aka Bill Green, Anthony Marion Priest, Jack Bowers, and William Robert Green and Anthony Marion Priest, as general partners, dba the Pizza Palace, Appellants.**

**COX AND OVERSTREET BUILDING AND SUPPLY, INC., Appellee,**

**v.**

**William Robert GREEN aka Bill Green, Anthony Marion Priest, Jack Bowers, and William Robert Green and Anthony Marion Priest, as general partners, dba the Pizza Palace, Appellants.**

Nos. 52279, 52280.

Supreme Court of Oklahoma.

Jan. 29, 1980.

Harold J. Singer, Enid, for appellees.

Douglas C. McKeever, McKeever, Glasser, Conrad & Herlihy, Enid, for appellant Jack Bowers.

SIMMS, Justice:

Appeal by landowner from judgments of foreclosure against land and building thereon arising from materialman's liens for work performed and material furnished pursuant to contracts made by owner's lessee with two separate contractors. Separate actions were filed by the contractors to foreclose the liens resulting in individual judgments. The appeals are consolidated for purposes of this opinion.

The operative facts are that William Robert Green leased a building in Enid, Oklahoma, from its owner, Jack Bowers. Green contracted to have repairs made to the floor, the walls paneled, two restrooms constructed which required a portion of the building to be replumbed, and electrical wiring installed. Green intended to use the building for the operation of a pizza parlor.

Green informed the contractors prior to commencement of the work that Bowers was the owner of the building, but neither contractor obtained Bowers' approval for the work nor did they inform Bowers the work was to be done.

Green defaulted on payment for the work done pursuant to the contracts; the pizza parlor business failed, the foreclosure suits ensued.

The trial court found the liens attached to both the fee estate and the building. The Court of Appeals modified the judgment of the trial court by holding the liens could not attach to appellant Bowers' fee estate, but that the liens did attach to the building and improvements. Certiorari has been granted to review the Court of Appeals opinion.

 Relying on *Woods v. Levine*, Okl., 311 P.2d 204 (1957), and *Benton v. Hill*, Okl., 389 P.2d 501 (1964), the Court of Appeals correctly held that a lien cannot be enforced against realty when material and labor for improvements were furnished to a tenant without the owner's consent or promise to pay, even though the landlord retains the improvements to the building.

Appellees argue they are entitled to a lien upon the building and improvements by reason of 42 O.S.Supp.1977, § 141, which reads, in part:

" . . . If the title to the land is not in the person with whom such contract is made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate . . ."

This quoted language has been a part of Oklahoma's lien law since 1923.

However, it was held in *Benton v. Hill*, *supra*, that where the owner leases lands under a written contract which provides that the tenant shall at his own expense make such improvements thereon as are necessary to make the premises adaptable for the purposes for which they are leased, a materialman furnishing material for making the improvements under contract with the lessee is not entitled to a lien against the land, but he may be entitled to a lien

against the improvements under "certain circumstances." It was then pointed out in *Benton* that one of these "circumstances" exists when the lessee acts as the agent of the owner when improvements were made.

In the instant cases, lessee was to make the repairs or improvements at his own expense, and he was not to be reimbursed by the owner of the building. Appellees concede that the lease does not generally establish an agency between owner and lessee, but they argue the facts in this case as a whole establish more than a simple landlord-tenant relationship. This argument is apparently predicated on the theory of estoppel. The lease between appellant and his lessee was not of record, however, ownership of the building for which material was furnished was a matter of public record.

Appellant's knowledge of improvements being made was insufficient to estop the landowner from denying the lien. *Pirtle v. Brown*, 141 Okl. 227, 284 P. 898 (1938) holds that although the material and labor may have been furnished with the knowledge of the owner, the owner's knowledge alone is not sufficient to establish a lien upon the owner's interest.

We believe the holding in *Statser v. Chickasaw Lumber Company*, Okl., 327 P.2d 686 (1958), is dispositive of the issue of whether or not a lien may attach to the structure and improvements in this case. The Court stated in *Statser,* at page 691:

> "Had the claimants merely repaired or made minor alterations to existing structures on the premises, they would not have acquired liens on the improvements separate from the real estate (citations omitted) . . .. A simple reading of the statute (§ 141) does not necessarily compel this conclusion, and the various reasons advanced as the basis for such rule are somewhat confusing. . . .
> "The basic reason for concluding that mere repairs and alterations to an existing structure will not support a lien against such structure is that such improvements are not removable without damage to the original structure and the

Legislature obviously did not intend that the lien in such case should extend to the entire existing structure without a contract with the owner of same. This would be in direct conflict with the spirit of the statute. We must, therefore, determine whether labor performed and material furnished in the instant case *resulted in the erection of a new building, or mere repairs. to or alterations of an existing building.*" (E. A.)

In the instant case, the work performed and materials furnished were not used in such a material alteration of the existing building so as to constitute the erection of a new building. They are merely repairs and alterations to an existing structure which cannot be removed without doing damage to the building. Under the rationale of *Statser, supra,* appellees are not entitled to a lien on either the improvement or the structure, apart from the realty. The interest or estate to which the lien must be confined is therefore the tenant's leasehold. It can attach to nothing else.

Neither is there evidence to the effect that these alterations added to the value of the building. The doctrine of unjust enrichment cannot therefore by applied. *Benton v. Hill, supra.*

COURT OF APPEALS OPINIONS VACATED. JUDGMENT OF TRIAL COURT REVERSED AND REMANDED WITH DIRECTIONS TO ENTER JUDGMENT IN FAVOR OF APPELLANT IN EACH CASE.

All the Justices concur.